IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No: |
| v. | |
| WALKER INDUSTRIES LLC | **PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this 26th day of September, 2022, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS, Assistant United States Attorney Winston D. Holliday, Jr.; the Defendant, **WALKER INDUSTRIES LLC**, and Defendant's attorneys, JOHN S. SIMMONS and GREGORY P. HARRIS.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1. The Defendant agrees to waive indictment and plead guilty to Count One of the Information now pending, which charges a "Violation of Asbestos NESHAP during Demolition or Renovation" a violation of Title 42, United States Code, § 7413(c)(1).

In order to sustain its burden of proof, the Government is required to prove the following:

### Count One

a. That an operator;

b. Of a demolition or renovation operation;

1

  c. Involving the disturbance of regulated asbestos material of at least 260 linear feet on pipes, 160 square feet on other facility components, or 35 cubic feet of facility components;

  d. Knowingly failed or caused another person or employee to fail to comply with any of the work practice standards in 40 C.F.R. § 61.145, or waste disposal standards in 40 C.F.R. § 61.150.

The penalty for this offense is:

A fine of $500,000 (18 U.S.C. §3571(c)(4)) and a term of supervised release of not more than three years (18 U.S.C. § 3583) plus a special assessment of $400.00 (18 U.S.C. § 3013).

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 USC §§ 3612, 3613 and 3664(m).

The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which it is convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty but will include restitution to each and every identifiable victim who may have been harmed by their scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

**In lieu of a fine, the parties agree that Defendant shall pay $150,000, jointly and severally with William Todd Walker, in three equal yearly installments due and payable within the term of supervised release or probation, which represents a percentage of the remediation costs of the construction site (Howard Johnson Hotel, 2038 West Lucas Street, Florence, SC) and represents a disgorgement of the income Defendant contracted and received as a result of work performed at the project. Payment of the full**

3

**amount of the fine is a condition of the Defendant's supervised release or probationary sentence.**

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw their plea of guilty to the offense(s) enumerated herein.

### Merger and Other Provisions

4. The Defendant represents to the court that its duly authorized representatives have met with its attorneys on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant's representatives have been truthful with their attorneys and related all information of which the Defendant is aware pertaining to the case; that the Defendant and its attorneys have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right

to confront and cross-examine the government's witnesses, the Defendant's right to have representatives testify in its own behalf, or to remain silent and have no adverse inferences drawn from their silence; and that the Defendant's representatives, with the advice of counsel, have weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and have entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

5. The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. (This waiver does not apply to claims of ineffective assistance of counsel or prosecutorial misconduct raised pursuant to 28 U.S.C. § 2255.)

6. The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

7. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and

statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

9/23/22
Date

WALKER INDUSTRIES LLC
Defendant

9/26/22
Date

JOHN S. SIMMONS (Fed. ID #5000)
GREGORY P. HARRIS
Attorneys for the Defendant

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

9-26-22
Date

Winston D. Holliday, Jr. (Fed. ID # 7597)
Assistant United States Attorney